**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**NEIL BUNTYN**                                                             **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 3:13-cv-19-HTW-MTP**

**JP MORGAN CHASE BANK, N.A.;
REGIONS BANK;
SAFEGUARD PROPERTIES, LLC;
and JOHN DOES 1-5**                                          **DEFENDANTS**

**REPORT AND RECOMMENDATION**

Plaintiff brings this action against JP Morgan Chase Bank, N.A. ("Chase"); Regions Bank;[1] Safeguard Properties, LLC ("Safeguard"); and John Does 1-5 alleging that certain actions taken by Defendants regarding a mortgage and foreclosure resulted in injury to Plaintiff and constituted trespass, conversion, vandalism, negligent infliction of mental and emotional distress, intentional infliction of mental and emotional distress, impairment of credit,[2] interference with a contract, and breach of fiduciary duty.

This matter is now before the court on Defendant Safeguard Properties, LLC's Motion to Dismiss [14], Defendant JP Morgan Chase Bank, N.A.'s Motion to Dismiss [16], and Defendant Regions Bank's Motion for Summary Judgment [28]. Having considered the pleadings, the record, and the applicable law, and being fully advised in the premises, the undersigned recommends that Defendant Safeguard Properties, LLC's Motion to Dismiss [14] be granted,

---

[1] Plaintiff's Complaint [3-1] named Regions Financial Corporation as a defendant, but pursuant to court order [27], Regions Bank was substituted for Regions Financial Corporation.

[2] Plaintiff conceded that his claim for impairment of credit is preempted by the provision of the Fair Credit Reporting Act. (Pl.'s Mem. Opp. Def. Chase's Mo. Diss. [21] at 7.)

1

Defendant JP Morgan Chase Bank, N.A.'s Motion to Dismiss [16] be granted, and Defendant Regions Bank's Motion for Summary Judgment [28] be granted.

## RELEVANT FACTUAL HISTORY

On April 28, 2004, Plaintiff received a mortgage loan from AmSouth Bank, predecessor to Regions Bank, to purchase real property located at 253 Mallard Drive, Brandon, Mississippi. (Compl. [3-1] at 2.)  Plaintiff entered into a note with AmSouth Bank in the principal amount of $131,000. (Def. Chase's Mo. Diss. [16] Ex A: Note.)  The note was secured by a deed of trust that granted AmSouth Bank and its successors a security interest in the aforementioned real property. (Def. Chase's Ex. B: Deed of Trust.)  As part of this transaction, Plaintiff executed a single family loan guarantee with the United States Department of Agriculture-Rural Development ("USDA"). (Def. Chase's Ex. C: Request for Loan Guarantee.)

The deed of trust stated that the note and deed of trust could be "sold one or more times without prior notice" and that a "sale might result in a change in the entity (known as the 'Loan Servicer') that collects Periodic Payments . . . ." (Def. Chase's Ex. B at 9.)  On May 5, 2008, AmSouth Bank assigned its interest in the note and deed of trust to Chase. (Def. Chase's Ex. D: Assignment of Deed of Trust.)  On March 23, 2009, Chase assigned its interest in the note and deed of trust to Chase Home Finance, LLC. (Def. Chase's Ex. E: Transfer and Assignment of Mortgage.)

The note required Plaintiff to make monthly principal and interest payments in the amount of $795.97 for thirty years. (Def. Chase's Ex. A.)  Plaintiff alleges that in 2006, following Hurricane Katrina, he was offered a moratorium on payments on his loan due to the effects of the hurricane. (Compl. at 2.)

Plaintiff alleges that, at some point in time, Safeguard entered the subject property without permission and removed Plaintiff's furniture, clothing, and other personal property and changed the door locks to said property. (Compl. at 3.) Plaintiff also alleges that he listed the subjected property for sale and would have realized a profit but for Defendants' interference. (Compl. at 3.) Defendants allege that Plaintiff defaulted on his loan, and as a result, on May 13, 2009, the substitute trustee, on behalf of Chase Home Finance, conducted a foreclosure sale and conveyed title to the subject property to Homesales, Inc. in exchange for a bid of $118,150. (Def. Chase's Ex. F: Substitute Trustee's Deed.)

Thereafter, Chase filed a loss claim with the USDA, and the USDA paid the loss claim on April 25, 2011. (Pl.'s Res. Def. Chase's Mo. Diss. [20] Ex. B: Decision and Order Dismissing Wage Garnishment Action at 2.) The USDA classified the loss claim as an account payable by Plaintiff and referred the account to the United States Department of Treasury for collection against Plaintiff. (Pl.'s Ex. B at 3.) On August 2, 2012, an administrative law judge for the USDA entered an order holding that the loss claim paid to Chase should not be collected from Plaintiff. (Pl.'s Ex. B at 4.)

Plaintiff commenced this action on December 7, 2012. Thereafter, Defendants Safeguard and Chase moved to have Plaintiff's claims dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), and Defendant Regions Bank moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. Defendants all contend Plaintiff's claims are barred by the applicable statutes of limitations, Plaintiff failed to satisfy the conditions precedent for commencing an action, and Plaintiff otherwise failed to state a claim for trespass, conversion, vandalism, negligent infliction of mental and emotional distress, intentional infliction of mental

3

and emotional distress, impairment of credit, interference with a contract, and breach of fiduciary duty.  Regions Bank additionally argues that it can have no liability because it was not the owner of the note or deed of trust at the time of the foreclosure.

**ANALYSIS**

*Standard of Review*

Because Defendant Regions Bank moved for summary judgment and the parties submitted matters outside the pleadings with their motions and responses, the undersigned treated all the motions as motions for summary judgment in accordance with Federal Rule of Civil Procedure 56.[3] *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir. 1991).  This court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, the Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.  *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995).  If Defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied.  *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985).  The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 708, 712.  In this matter, the material facts are not in dispute.  The primary question before the court is a legal one: whether, on the facts presented, Plaintiff's claims are barred by the applicable statutes of limitations.

---

[3] The undersigned's recommendations in this matter would have been the same under either a motion to dismiss standard or summary judgment standard.

4

*Statutes of Limitations*

Plaintiff's claim for intentional infliction of emotional distress is governed by a one-year statute of limitations, Mississippi Code § 15-1-35. *Jones v. Fluor Daniel Services Corp.*, 32 So. 3d 417, 422-23 (Miss. 2010). Plaintiff's remaining claims are governed by Mississippi's residual statute of limitations, which is three years. *See* Miss. Code Ann. § 15-1-49 ("All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.").[4] Specifically, the Mississippi Supreme Court has held that Mississippi Code § 15-1-49 applies to actions for wrongful or fraudulent foreclosures. *See Tennessee Properties, Inc. v. Gillentine*, 66 So. 3d 695, 698 (Miss. App. 2011) (citing *S. Land & Res. Co. v. Dobbs*, 467 So. 2d 652, 655 (Miss. 1985)).

The foreclosure sale of the subject property took place on May 13, 2009. (Def. Chase's Ex. F.) Plaintiff commenced this action on December 7, 2012, more than three years after the foreclosure. Defendants contend that the statutes of limitations began to run on May 13, 2009, and therefore, Plaintiff's claims are time-barred.

Plaintiff does not dispute that his claims are subject to Mississippi Code §§ 15-1-35 and 15-1-49. He, however, contends that the statutes of limitations were tolled by the continuing tort doctrine. Plaintiff contends that the continuing tort doctrine tolled the statute of limitations until August 2, 2012, when a USDA administrative law judge entered an order regarding Plaintiff's liability for the loss claim filed by Chase, or until April 17, 2011, when Chase filed its loss claim

---

[4] *See also Johnson v. Kansas City S. R. Co.*, 208 Fed. Appx. 292, 296 (5th Cir. 2006); *Estate of King v. Ballou*, 856 F. Supp. 2d 860, 863 (S.D. Miss. 2012); *Wartz v. Ingalls Shipbuilding Inc.*, 790 So. 2d 841, 845 (Miss. App. 2000); and *Jones*, 32 So. 3d at 422-23.

with the USDA.[5] (Pl.'s Ex. B.)

Where a defendant asserts a statute of limitations as a defense and demonstrates that the statute bars a claim, the plaintiff bears the burden to demonstrate some legal or equitable basis for avoiding the statute of limitations. *Archer v. Nissan Motor Acceptance Corp.*, 633 F. Supp. 2d 259, 265 (S.D. Miss. 2007) (citing *Gulf Nat'l Bank v. King*, 362 So. 2d 1253, 1255 (Miss. 1978); *Hall v. Dillard*, 739 So. 2d 383, 387-88 (Miss. App. 1999)).  Defendants have demonstrated that Mississippi Code §§ 15-1-35 and 15-1-49 bar Plaintiff's claims, absent some legal or equitable basis for avoiding these statutes.  As stated above, Plaintiff asserts that the continuing tort doctrine tolled these statutes of limitations.

The continuing tort doctrine is reserved for situations where a defendant commits repeated acts of wrongful conduct, but does not apply where harm reverberates from a single act. *Stevens v. Lake*, 615 So. 2d 1177, 1183 (Miss. 1993); *Bellum v. PCE Constructors, Inc.*, 407 F.3d 734, 742 (5th Cir. 2005).  It is the repeated conduct, not the repeated injury that tolls the statute of limitations. *Sunbeck v. Sunbeck*, 2011 WL 5006430, *4 (N.D. Miss. Oct. 20, 2011).

> [W]here a tort involves a continuing or repeated injury, the cause of action accrues at, and limitations begin to run from, the date of the last injury, or when the tortious acts cease.  Where the tortious act has been completed, or the tortious acts have ceased, the period of limitations will not be extended on the ground of a continuing wrong.
>
> A 'continuing tort' is one inflicted over a period of time; it involves a wrongful conduct that is repeated until desisted, and each day creates a separate cause of action.  A continuing tort sufficient to toll a statute of limitations is occasioned by continual unlawful acts, not by continual ill effects for an original violation.

---

[5] Plaintiff does not state in his complaint nor does the record contain any evidence that Chase filed its loss claim with the USDA on April 17, 2011, as Plaintiff contends.  For purposes of this Report and Recommendation, however, the undersigned assumed Chase filed its loss claim on this date.

*Stevens*, 615 So. 2d at 1183 (quoting C.J.S. Limitations of Actions § 177)).

August 2, 2012

  Plaintiff contends the statutes of limitations were tolled until August 2, 2012, when an administrative law judge entered an order regarding the USDA's claim against Plaintiff for the deficiency resulting from the foreclosure sale. The general rule is that statues of limitations begin to run as soon as there is a cause of action. *Aultman v. Kelly*, 109 So. 2d 344, 346 (Miss. 1959). In order for the continuing tort doctrine to toll the statutes of limitation, Defendants must have committed repeated wrongful acts. *Stevens*, 615 So. 2d at 1183.

  Plaintiff, however, has presented no evidence of Defendants taking *any* action, wrongful or not, relating to the subject property after Chase filed its loss claim with the USDA. The actions taken, thereafter, by the USDA, Plaintiff, and the administrative law judge were not Defendants' wrongful acts. The deliberation and decision of an administrative law judge regarding the USDA's claim against Plaintiff did not toll the statutes of limitations for Plaintiff's claims against Defendants.[6] *Defendants* must have committed repeated acts of wrongful conduct to toll the statutes of limitations. *Smith v. Franklin Custodian Funds, Inc.*, 726 So. 2d 144, 149 (Miss. 1999). The statutes of limitations were not tolled until August 2, 2012. Accordingly, Plaintiff's claim for intentional infliction of emotional distress, which is governed by a one-year

---

[6] Plaintiff also argues that the administrative law judge's decision should have *res judicata* effect on this action. Under Fifth Circuit precedent, *res judicata* only applies if: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded to a final judgment on the merits; and (4) the same claim or cause of action was involved in both suits. *Swate v. Hartwell*, 99 F.3d 1282, 1286 (5th Cir. 1996). These conditions are not met in this matter.

7

statute of limitations, is time-barred.[7] *See* Miss. Code Ann. § 15-1-35.

April 17, 2011

      Plaintiff contends, in the alternative, that the statutes of limitations were tolled until April 17, 2011, when Chase filed its loss claim with the USDA. Plaintiff, however, does not explain how Chase's filing of a claim with the USDA was a wrongful act, and the undersigned does not find that it was a wrongful act. Chase suffered a loss or deficiency as a result of the foreclosure sale. The foreclosure sale took place on May 13, 2009. According to Plaintiff, Chase did not file a loss claim with the USDA until April 17, 2011. The USDA investigated and ultimately paid the claim. (Pl.'s Ex. B at 2.) Plaintiff has not met his burden to show that this was a wrongful act. *See Hall*, 739 So. 2d at 387-88.

      A claim based on a wrongful foreclosure is only actionable "when a foreclosure is attempted solely for a malicious desire to injure the mortgagor, or the foreclosure is conducted negligently or in bad faith to the mortgagor's detriment." *Teeuwissen v. JP Morgan Chase Bank, N.A.*, 894 F. Supp. 2d 903, 906 (S.D. Miss. 2012). The ill effects of a foreclosure alone cannot support a claim based on a wrongful foreclosure. Furthermore, when Chase filed its loss claim with the USDA, it was not an act against Plaintiff, wrongful or not, but an act against the USDA to collect on the guarantee.

      Defendants' wrongful acts, if there were any, culminated and ceased at the foreclosure sale. Plaintiff could have maintained an action against Defendants when the foreclosure sale took place or when the alleged trespass or conversion occurred. At that time, he was aware of

---

[7] Even if the statutes of limitations were tolled until April 17, 2011, (Plaintiff's alternative tolling date), Plaintiff's claim for intentional infliction of emotional distress was time-barred when Plaintiff filed this action on December 7, 2012.

the alleged injury, and nothing prevented Plaintiff from pursuing a cause of action. Where a tort has been completed, the continuing tort doctrine will not extend the statute of limitations. *Peavey Electronics Corp. v. Baan U.S.A., Inc.*, 10 So. 3d 945, 955 (Miss. App. 2009).

Plaintiff's dealings with the USDA are, at most, an example of continuing effects, rather than a continuing tort. Mississippi courts will not apply the doctrine of continuing tort where harm reverberates from a wrongful act or omission. *Smith*, 726 So. 2d at 149; *Bellum*, 407 F.3d at 742. Plaintiff was no doubt inconvenienced or subjected to continuing "ill effects" when he was forced to address the USDA's claim against him. However, Defendants' wrongful conduct, if any, was completed at the foreclosure sale. Plaintiff's subsequent alleged injuries constitute continuing ill effects from the original wrongful conduct. *See, e.g., Nesovic v. United States*, 71 F.3d 776 (9th Cir. 1995) (rejecting a plaintiff's assertion that IRS committed continuing wrong by pursuing tax lien because tax assessment was the single wrongful act, while subsequent injuries were ill effects from original wrongdoing); *River Oaks Convalescent Center, Inc. v. Coahoma County*, 280 F. Supp. 2d 565 (N.D. Miss. 2003). In *River Oaks*, a nursing home filed suit against a medical examiner for libel. 280 F. Supp. 2d at 567. The nursing home attempted to avoid the statute of limitations by arguing that it was tolled because family members of former patients were using the medical examiner's defamatory remarks as a basis for their lawsuits against the nursing home. *Id*. at 569. The court held that those lawsuits constituted continual ill effects rather than continual unlawful acts on the part of the medical examiner and, therefore, did not toll the statute of limitations. *Id*. at 569-70.

Based on the foregoing authority, the undesigned concludes that Plaintiff's claims relate to alleged wrongful acts that ceased at the foreclosure sale of the subject property and, therefore,

do not constitute a continuing tort. Accordingly, the statutes of limitations were not tolled for Plaintiff's claims. The statutes of limitations began to accrue on Plaintiff's claims on May 13, 2009. Plaintiff's remaining claims are govern by a three-year statute of limitations. Miss. Code Ann. § 15-1-49. Plaintiff filed this action on December 7, 2012, after the statute of limitations had expired. Accordingly, Plaintiff's claims are time-barred.

As stated above, Defendants also contend that Plaintiff failed to satisfy the conditions precedent for commencing an action and otherwise failed to state a claim for trespass, conversion, vandalism, negligent infliction of mental and emotional distress, intentional infliction of mental and emotional distress, impairment of credit, interference with a contract, and breach of fiduciary duty. Also, Regions Bank contends that it can have no liability because it was not the owner of the note or deed of trust at the time of the foreclosure. Because Plaintiff's claims are time-barred, it is unnecessary to consider Defendants' additional arguments in support of dismissal and summary judgment.

## CONCLUSIONS AND RECOMMENDATIONS

Based on the foregoing, the undersigned recommends:

1. Defendant Safeguard Properties, LLC's Motion to Dismiss [14] be granted;

2. Defendant JP Morgan Chase Bank, N.A.'s Motion to Dismiss [16] be granted; and

3. Defendant Regions Bank's Motion for Summary Judgment [28] be granted.

The undersigned further recommends that this matter be finally dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the

recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    THIS the 22nd day of August, 2013.

                                        s/ Michael T. Parker
                                        United States Magistrate Judge