IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN (JACKSON) DIVISION

**NEIL BUNTYN** **PLAINTIFF**

VS. NO. 3:13CV19-HTW-LRA

**JP MORGAN CHASE BANK, N.,A.;
REGIONS BANK;
SAFEGUARD PROPERTIES, LLC;
and JOHN DOES 1-5** **DEFENDANTS**

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the court pursuant to the Report and Recommendation of United States Magistrate Judge Michael T. Parker and the written objection to the proposed findings and recommendation. Based on the evidence therein contained, this court, having given full consideration to the aforesaid objection, finds the same not well taken.

On August 22, 2013, Magistrate Judge Parker recommended that plaintiff, Neil Buntyn's ("Buntyn") claims be dismissed as they are barred by the relevant statutes of limitations. Judge Parker stated that "[i]n accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations" [docket no. 44]. The docket entry accompanying Judge Parker's Report and Recommendation declared that objections to the Report and Recommendation were due by September 5, 2013 [docket entry for docket no. 44].

On September 6, 2013, a day after the fourteen days allotted for objections to Judge Parker's Report and Recommendation, plaintiff filed his objection [docket no. 45].

In his objection, Buntyn erroneously asserts, for the first time, that the statute of limitations on his claim for wrongful foreclosure should not have accrued until Chase had taken clear title of his property.  The statute of limitations on a claim for wrongful foreclosure, however, accrues on the day of the disputed foreclosure.  *See Commercial Services of Perry, Inc. v. Federal Deposit Insurance Corp.*, 199 F.3d 778, 780 (5th Cir. 2000).  Chase Home Finance conducted a foreclosure sale and conveyed title to the subject property to Chase Homesales, Inc. on May 13, 2009.  The statute of limitations on plaintiff's wrongful foreclosure claim, therefore, accrued on May 13, 2009.  Plaintiff did not commence this action until December 7, 2012, after the three-year statute of limitations had run.

This court, therefore, adopts the Report and Recommendation of the United States Magistrate Judge as the order of this court and the court hereby dismisses plaintiff's complaint with prejudice.

**SO ORDERED AND ADJUDGED,** this, the 19th of February, 2014.

s/ HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**